IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TIMOTHY C. DUNLAP, II,

        Plaintiff,

v.                        CIVIL ACTION NO.  2:25-cv-00470

MORGAN M. SWITZER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Morgan Switzer's ("Defendant") Motion to Dismiss, (ECF No. 6), and Plaintiff Timothy Dunlap's ("Plaintiff") Motion for Default Judgment, (ECF No. 14).

These motions were referred to Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.)  Magistrate Judge Tinsley filed his PF&R on September 25, 2025. (ECF No. 15.)

For the reasons discussed below, the Court **OVERRULES** Plaintiff's objections to the PF&R, (ECF No.  19), **ADOPTS** the **PF&R**, (ECF No. 15), **GRANTS** Defendant's Motion to Dismiss, (ECF No. 6), and **DENIES** Plaintiff's Motion for Default Judgment, (ECF No. 14).   This civil action is **DISMISSED WITH PREJUDICE** and the Court **DIRECTS** the Clerk to remove this case from the Court's active docket.

1

## I. BACKGROUND

A detailed recitation of the facts in this case can be found in Magistrate Judge Tinsley's previous PF&R, (ECF No. 15 at 2–4), and therefore need not be repeated here. The Court will provide a discussion of any relevant facts as necessary throughout this opinion to resolve Plaintiff's objections.

## II. LEGAL STANDARD

### A. Review of the Magistrate Judge's PF&R

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the PF&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150, (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In reviewing the portions of the PF&R which Plaintiff has objected to, the Court will consider the fact that Plaintiff is acting pro se and his pleadings will be afforded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### B. The Motion to Dismiss Standard

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient

2

facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.*

Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III.    DISCUSSION

Plaintiff presents five "objections" to the PF&R. Only the first objection points to a specific alleged error in the PF&R, while the other objections do not identify any specific error in the Magistrate Judge's PF&R. Each objection is addressed in turn.

### A. Objection One: The Magistrate Judge's finding that Defendant did not act under color of state law is allegedly erroneous and unsupported by the record

Plaintiff objects to the Magistrate Judge's finding that Defendant is not a state actor and therefore did not act under color of state law. (ECF No. 19 at 2.) Plaintiff argues that Defendant is a state actor because she acted "in concert and jointly with state officials to deprive Plaintiff of his constitutional rights[.]" (*Id.*) Plaintiff hinges this argument on his allegations that Defendant filed false reports with the Secretary of State's office and fabricated complaints with the police department. (*Id.*)

To support his argument, Plaintiff relies on *Dennis v. Sparks*, 449 U.S. 24 (1980) and *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). In both cases, the Supreme Court found that the private parties acted under color of state law. *Dennis*, 449 U.S. at 28; *Lugar*, 457 U.S. at 942. Yet both cases are distinguishable from the present facts. In *Dennis*, a judge accepted a bribe from a private party. 449 U.S. at 28. Likewise, in *Lugar*, a private party petitioned a state clerk of court for a wrongful writ of attachment, which the state court issued. Whereas here, Plaintiff's allegations fail to show any action taken in concert with the Defendant on the part of the Secretary of State's office or the police department.

"'[A] bare assertion of conspiracy will not suffice[,]'" rather, a plaintiff "must plead an *agreement* between the state court judges and employees and other Defendants." *Wiggins v. 11 Kew Garden Court*, 497 F. App'x 262, 264 (4th Cir. 2012) (emphasis added) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Here, Plaintiff only alleges that Defendant filed false reports and complaints, Plaintiff has failed to allege any actual agreement between the Defendant and the state agencies. Notably, Plaintiff has not even alleged *any* conspiratorial action taken by the state actors. Accordingly, Defendant's alleged filing of false reports and complaints

4

with the Secretary of State's office and police department does not amount to conspiracy or joint activity with the state.[1]

Therefore, the Court **OVERRULES** Plaintiff's first objection.

### B. *Plaintiff's Remaining "Objections"*

1. <u>Objection Two: Defendant's conduct allegedly falls outside the scope of quasi-judicial immunity</u>

Plaintiff's second objection is not, in fact, an objection to the PF&R. After a careful review of this portion of Plaintiff's objection, the Court cannot discern any specific alleged error in the Magistrate Judge's proposed findings and recommendations. (*See* ECF No. 19 at 3–4.) Plaintiff alleges that Defendant's conduct is "not protected by quasi-judicial immunity because her actions were outside the scope" of her responsibilities as guardian *ad litem*, (*id.* at 3), and that Defendant's conduct with state agencies "does not enjoy immunity protection[.]" (*id.* at 3–4).

This objection is meritless, however, because Magistrate Judge Tinsley expressly chose not to determine the issue of whether Defendant has quasi-judicial immunity. (ECF No. 15 at 12–13 ("the undersigned need not reach the issue of whether Defendant has quasi-judicial immunity, because . . . Defendant was not acting under color of state law[.]")) Because the Magistrate Judge did not make a specific finding as to Defendant's immunity, Plaintiff's objection amounts to nothing more than a "conclusory and general" objection that the Court need not review de novo. *See Orpiano*, 687 F.2d at 45–46.

Therefore, the Court **OVERRULES** Plaintiff's second objection.

---

[1] Additionally, Plaintiff's allegations that the Magistrate Judge's proposed findings are "clearly erroneous" and "unsupported by the record" are simply untrue. The section of the PF&R discussing Plaintiff's color of law claim is hardly erroneous, as it provides a detailed analysis and cites to numerous cases in this circuit and beyond which found that a guardian *ad litem* is not a state actor for purposes of § 1983. (ECF No. 15 at 9 (collecting cases).) Also, the record supports the Magistrate Judge's finding that Defendant—as a guardian *ad litem*—is not a state actor because the record proves that Defendant was, in fact, a guardian *ad litem*. (ECF No. 1 at 2, ¶ 5.)

> 2. <u>Objection Three: Defendant's motions and filings allegedly failed to comply with the federal rules of civil procedure</u>

As in the second objection Plaintiff's third objection does not allege any specific error in the Magistrate Judge's PF&R. Rather, Plaintiff raises the issue of the alleged procedural shortcomings in Defendant's motion to dismiss. (*See* ECF No. 19 at 4–5.) According to Plaintiff, Defendant's motion to dismiss and memorandum in support, (ECF Nos. 6, 8), contain no certificate of service and are therefore "procedurally defective" and "improperly before the Court." (ECF No. 19 at 4.)

Generally, a party must include a certificate of service when serving papers on the opposing party. *See* Fed. R. Civ. P. 5(d)(1). Yet in 2018, Congress amended the rule, clarifying that "[n]o certificate of service is required when a paper is served by filing it with the court's electronic-filing system." Fed. R. Civ. P. 5(d)(1)(B); *see also* Fed. R. Civ. P. 5(d)(1)(B) advisory committee's note to 2018 amendment. Consequently, "as amended in 2018, Rule 5(d) takes the common sense approach that no certificate of service of an e-filed document is required." *1 Moore's Federal Practice* § 5.20 (3d ed. 2025).

Here, Defendant filed both her motion to dismiss and memorandum in support on August 1, 2025, using the Court's CM/ECF electronic filing system, (ECF Nos. 6, 8), and Plaintiff received adequate notice of Defendant's motion, as evidenced by the response he filed with the clerk on August 4, 2025, (ECF No. 7). Accordingly, Defendant complied with Federal of Civil Procedure 5(d).[2]

Therefore, the Court **OVERRULES** Plaintiff's third objection.

---

[2] Plaintiff also filed a motion for contempt and sanctions on this issue, arguing that Defendant's alleged violation of Rule 5(d)(1) warrants the imposition of contempt and sanctions. (ECF No. 17.) For the same reasons discussed in this Court's analysis of Plaintiff's third objection, this motion is **DENIED**.

3. <u>Objection Four: Defendant is allegedly currently under criminal investigation and grand jury review</u>

Here again, Plaintiff fails to make any substantive objection to the Magistrate Judge's PF&R. Instead, Plaintiff points the Court to an alleged criminal investigation of the Defendant in Kanawha County. (ECF No. 19 at 5.) According to Plaintiff, "Defendant is currently under criminal investigation . . . [involving] an active grand jury review and potential indictment[.]" (*Id.*) Plaintiff argues that "[t]hese ongoing criminal proceedings confirm that Defendant's actions were not taken in good faith, were outside her judicial capacity, and were unlawful abuses of her position." (*Id.*)

This argument resembles Plaintiff's second objection, as it seemingly functions as an objection to the Court finding that the Defendant is entitled to immunity for her alleged actions. (*See id.* ("Defendant's actions . . . were outside of her judicial capacity.")) Still, as this Court has already noted, the Magistrate Judge only found that Defendant is not a state actor and did not address the issue of Defendant's immunity. (ECF No. 15. at 11–12.) Consequently, Plaintiff's objection is comprised of nothing more than a "conclusory and general" objection and the Court will not review it. *See Orpiano*, 687 F.2d at 45–46.

Therefore, the Court **OVERRULES** Plaintiff's fourth objection.

Lastly, this Court addresses various motions that remain pending in this case. Plaintiff filed a motion to reconsider the Magistrate Judge's order, (ECF No. 11), which denied Plaintiff permission to file electronically. (ECF No. 16.) This Court finds no error in the Magistrate Judge's order, (ECF No. 11), and accordingly **DENIES** Plaintiff's motion, (ECF No. 16).

Defendant filed a motion for pre-filing injunction/vexatious litigant order, arguing that Plaintiff is a "vexatious and repetitive litigant." (ECF No. 18.) Orders limiting a litigant's access

7

to the courts should only be granted in the presence of "exigent circumstances." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Because there are no exigent circumstances in this case, the Court **DENIES** Plaintiff's motion, (ECF No. 18). Plaintiff also filed a motion to strike Defendant's vexatious litigant motion. (ECF No. 20.) Given that Defendant's vexatious litigant motion, (ECF No. 18), is denied, this Court **DENIES** as moot Plaintiff's motion to strike, (ECF No. 20).

The final set of pending motions concern Defendant's vexatious litigant motion. (ECF No. 18). Plaintiff filed a supplemental motion for contempt, sanctions, and rule to show cause, alleging that Defendant's vexatious litigant motion "included personally identifiable information . . . of Plaintiff's minor children." (ECF No. 21.) Subsequently, Defendant filed a motion to seal supporting documents in her vexatious litigant motion. (ECF No. 22.) For reasons appearing to the Court, the Court **GRANTS** Defendant's motion to seal, (ECF No. 22), and **DENIES** Plaintiff's supplemental motion, (ECF No. 21), as moot.

## IV.   CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections to the PF&R, (ECF No. 19), **ADOPTS** the **PF&R**, (ECF No. 15), **GRANTS** Defendant's Motion to Dismiss (ECF No. 6), and **DENIES** Plaintiff's Motion for Default Judgment, (ECF No. 14). The Court also **DISMISSES** this matter **WITH PREJUDICE** and **DIRECTS** the Clerk to remove this case from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 2, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE